# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0075, <u>State of New Hampshire v. Joseph S. Glover</u>, the court on March 19, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Joseph S. Glover, who was incarcerated prior to the effective date of RSA 651-A:22-a (Supp. 2023), appeals an order of the Superior Court (<u>Ruoff</u>, J.) denying his motion for earned time credits.  <u>See</u> RSA 651-A:22-a, II.  We vacate and remand.

RSA 651-A:22-a, II provides the sentencing court discretion to grant or deny earned time credits to a prisoner incarcerated prior to September 9, 2014, the effective date of the statute, upon the recommendation of the Commissioner of the New Hampshire Department of Corrections.  <u>State v.</u> <u>Jordan</u>, 176 N.H. 34, 39-40 (2023); RSA 651-A:22-a, II.  Pursuant to the statute, prisoners have an opportunity to earn reductions in their minimum and maximum sentences for successfully completing certain statutorily authorized programs.  Such programs include:

> (b)  Vocational Programming.  A prisoner who successfully completes a vocational program that is authorized and approved by the department or who successfully completes a vocational program that the commissioner deems to be valuable to the prisoner's rehabilitation, shall be entitled to a one-time reduction of 60 days in his or her minimum sentence and a one-time reduction of 60 days in his or her maximum sentence for each program under subparagraph (a) completed.

> . . .

> (e)  Correctional Industries On-the-Job Training.  A prisoner who is awarded a certificate or certificate of apprenticeship in a correctional industries job that is authorized and approved by the department that the commissioner deems to be valuable to the prisoner's rehabilitation shall be entitled to a one-time reduction of 60 days in his or her minimum sentence and a one-time reduction

of 60 days in his or her maximum sentence for each master's certificate earned.

RSA 651-A:22-a, I(b) & (e).

In this case, the defendant sought earned time credits of 60 days to his minimum and maximum sentences, with the commissioner's approval, for his successful completion of the Culinary Arts program. Prior to filing the motion, the defendant had successfully obtained earned time credits of 420 days for his successful completion of various other programs. In denying the motion, the trial court reasoned that "[t]he defendant has already been given a one-time 60-day credit for vocational programming." Accordingly, the trial court first determined, correctly, that the Culinary Arts program fell within the scope of "vocational programming" under RSA 651-A:22-a, I(b). See N.H. Dep't of Corrections, Policy and Procedure Directive 5.11(d)(1)(b)(iv) (2020) (identifying "Culinary Arts Program Certificate Cluster" as an approved "vocational program" for purposes of RSA 651-A:22-a, I(b)). The trial court then concluded that the defendant was not entitled to earned time credits for completing this program because he had already received a 60-day credit for vocational programming, reasoning that RSA 651-A:22-a does not authorize more than one 60-day credit for the completion of a vocational program.

In determining that the defendant had already received a 60-day credit for completing a vocational program, the trial court did not identify any other "vocational" program in which he had participated. However, it appears that the trial court may have relied upon his earlier completion of the "Printing Press Operator" program, for which he submitted a certificate of completion of apprenticeship for the occupation "offset-press operator I" under the sponsorship of the Department of Corrections. In his earlier self-represented motion seeking earned time credits for that program, the defendant specifically described the program as a "Vocational Training Printing Press Operator program." (Emphasis added.) However, the relevant policy and procedure directive of the Department of Corrections, provided by the defendant with his motion for reconsideration, identifies this program as a "Correctional Industries On-the-Job Training Program" for purposes of RSA 651-A:22-a, I(e), not a vocational program under RSA 651-A:22-a, I(b). See N.H. Dep't of Corrections, Policy and Procedure Directive 5.11(d)(1)(e)(3). None of the other programs for which the defendant has received earned time credits appears to fall within the scope of "vocational programming" under RSA 651-A:22-a, I(b), as the Department of Corrections has defined vocational programming under the policy and procedure directive. Accordingly, even if we assume, without deciding, that RSA 651-A:22-a, I(b) authorizes only one 60-day credit for the successful completion of a "vocational" program, the record does not establish that the defendant received a prior 60-day credit for a vocational program.

2

Because the record does not establish that the defendant received a prior 60-day credit for a vocational program, we vacate and remand for further proceedings consistent with this order. We emphasize that, regardless of whether the commissioner has approved a 60-day credit for the defendant's successful completion of the Culinary Arts program, it remains within the trial court's broad discretion to grant or deny him the credit. Jordan, 176 N.H. at 39-40.

Vacated and remanded.

**Timothy A. Gudas,
Clerk**

3